UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>DANILLO BUSTILLO-SEVILLA,<br>　　　　　Defendant. | Case No. 20-cr-00021-VC-1<br><br>**ORDER RE SENTENCING HEARING** |

　　　　In light of the current public health crisis, there will be no in-person hearings in the courtroom of the undersigned judge until further order. Most hearings will be continued. Those that can't be continued will be conducted by telephone.

　　　　In this case, the defendant is in custody at the Santa Rita Jail in Dublin, CA. He has pleaded guilty to a street-level drug crime, and he is scheduled to be sentenced on Monday, March 23, 2020. The defendant is seeking a "time served" sentence—that is, a sentence equal to the amount of time he has already spent in custody. The government has expressed an intent to seek a longer prison sentence.

　　　　If the defendant is indeed correct that a sentence of time served is warranted, a delay in his sentencing hearing would cause him to be held for longer than necessary at the Santa Rita Jail. However, as mentioned, it is not appropriate to conduct an in-person sentencing hearing under current health conditions. It may also be difficult or impossible to secure the defendant's participation by telephone or videoconference from the jail.

　　　　Fortunately, under Rule 43(c)(1)(B) of the Federal Rules of Criminal Procedure, the defendant has the option of waiving his presence at the sentencing hearing. The applicable

provision states as follows: "A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing."

Some courts have interpreted this language as permitting sentencing to proceed without the defendant only if he has absconded. *See, e.g.*, *United States v. Jones*, 410 F. Supp. 2d 1026, 1033 (D.N.M. 2005) (holding that Rule 43(c)'s waiver provisions do not permit a defendant to waive the presence requirement, even for medical reasons); *United States v. Walker*, Cr. No. 15-2846 JCH, at *8 (D.N.M. Oct. 6, 2016). But the rule doesn't say that, even though it easily could have. Courts apply traditional rules of statutory interpretation to the Federal Rules of Criminal Procedure. *United States v. Petri*, 731 F.3d 833, 839 (9th Cir. 2013). This means that if the rule is unambiguous, the Court must interpret it according to its plain meaning. *See Carlisle v. United States*, 517 U.S. 416, 424 (1996). By its language, the rule is not limited to situations where the defendant's flight caused him to be "voluntarily absent," so the better interpretation is that sentencing may proceed whenever the Court has assured itself that the defendant's absence is indeed voluntary. Indeed, the Ninth Circuit has interpreted the rule this way in another context. *See United States v. Mitchell*, 502 F.3d 931, 987 (9th Cir. 2007) (holding that Rule 43 allowed an in-custody defendant to waive his right to be present at the penalty phase of trial by his "voluntary absence," even when his interests would have been served by his presence).

At any rate, courts should resolve any doubts about the scope of the waiver provision to permit voluntary waiver of presence in the midst of a pandemic that has prevented the normal operation of the courts. When the text of a criminal procedure rule is ambiguous, courts should interpret it "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2; *Carlisle*, 517 U.S. at 424 ("Rule [2] . . . sets forth a principle of interpretation to be used in construing ambiguous rules, not a principle of law superseding clear rules that do not achieve the stated objectives. It does not, that is to say, provide that rules shall be construed to mean something other than what they plainly say."). That principle of

interpretation would support the application of the waiver provision under these circumstances. *Cf. In re United States*, 597 F.2d 27 (2d Cir. 1979) ("We hold that a judge may in those exceptional circumstances exercise his discretion to accept a waiver of appearance from a defendant in a criminal trial where the choice of absence, a long continuance, or severance is exigent."). If a defendant asks for a sentence of time served and voluntarily waives his appearance in a situation where the hearing would otherwise be delayed because of a public health crisis, the interests of justice, fairness, and efficiency are promoted by finding that the waiver provision applies.

Accordingly, unless the Court is informed by defense counsel beforehand that the defendant will not waive his appearance at the sentencing hearing (in which case it will be continued), the hearing shall take place as scheduled, but telephonically. During the hearing, defense counsel should be prepared to convey whether his client has waived his appearance. This waiver need not be in writing. *See* Fed. R. Crim. P. 43(c)(1)(B) (containing no writing requirement); *United States v. Ornelas*, 828 F.3d 1018, 1021 (9th Cir. 2016) ("Thus, under Rule 43, so long as the defendant's absence is "voluntary," the district court may proceed with trial and sentencing in absentia.").

Furthermore, because it is a serious matter for a defendant to waive appearance at a sentencing hearing, if the Court develops a view during the hearing that a sentence of greater than time served may be warranted, it will give defense counsel the opportunity to request that the hearing be continued until such time as the defendant is able to participate.

**IT IS SO ORDERED.**

Dated: March 15, 2020

_____
VINCE CHHABRIA
United States District Judge