DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

BARBARA J. VALLIERE (DCBN 439353)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7039
    FAX: (415) 436-7234
    barbara.valliere@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **CASE NO. CR-20-00021-VC** |
| | ) |
| Plaintiff, | ) **UNITED STATES' RESONSE TO COURT'S** |
| | ) **ORDER RE SENTENCING HEARING AND** |
| v. | ) **DEFENDANT'S MOTION TO CONTINUE** |
| | ) **HEARING** |
| DANILLO BUSTILLO-SEVILLA, | ) |
| | ) |
| Defendant. | ) Date: March 23, 2020 |
| | ) Time: 2:00 p.m. |

## I.    BACKGROUND

On March 10, 2020, the defendant, Danillo Bustillo-Sevilla, pleaded guilty to a one-count indictment charging distribution of cocaine base under 21 U.S.C. § 841(a)(1) and (b)(1)(C) without the benefit of a plea agreement.  Dkt. 10.  At that hearing, the Court specially set a sentencing hearing for March 23, 2020 at 2 p.m.  *Id.*

On March 15, 2020, the Court issued an Order Re Sentencing Hearing. Dkt. 11.  In that order, the Court stated that "[in] light of the current public health crisis, there will be no in-person hearings in the courtroom of the undersigned judge until further notice.  Most hearings will be continued.  Those that can't be continued will be conducted by telephone."  Order Re Sentencing Hearing [hereinafter

"Order"] at 1.  Regarding this case, the Court noted that the defendant is in custody at Santa Rita Jail, that he had pleaded guilty to a "street-level crime," that he is seeking a "time served" sentence, and "[t]he government has expressed an intent to seek a longer prison sentence."  Order at 1.  The Court noted that if a time-served sentence "is warranted," then a delay in defendant's sentencing hearing "would cause him to be held for longer than necessary at the Santa Rita Jail."  *Id.*  Citing Federal Rule of Criminal Procedure 43(c)(1)(B), the Court stated that "unless the Court is informed by defense counsel beforehand that the defendant will not waive his appearance at the sentencing hearing (in which case it will be continued), the hearing shall take place as scheduled, but telephonically."  Order at 3.  Regarding the defendant's right to be present at this sentencing hearing, the Court concluded that "[i]f a defendant asks for a sentence of time served and voluntarily waives his appearance in a situation where the hearing would otherwise be delayed because of a public health crisis, the interests of justice, fairness, and efficiency are promoted by finding that the waiver provision applies."  Order at 3.

Shortly after the Court issued its Order, defendant filed a Motion To Continue All Court Appearances Until After May 1, 2020.  Dkt. 12.  In his motion, defendant cited the "national public health emergency" and the need for social distancing, and requested that the Court cancel all in-court hearings and to set this matter for a status after May 1, 2020.  Dkt. 12 at 2.  Defendant then suggested that if videoconferencing becomes available before May 1, 2020, then he would like to seek a date for a hearing that precedes May 1, 2020.  Dkt. 12 at 2.

On March 16, 2020, the United States filed its Sentencing Memorandum.  Dkt. 13.  In its Memorandum, the United States recommended that the Court sentence the defendant to three months of imprisonment, to be followed by three years of supervised release to include three months of community confinement, the standard conditions requested by Probation, and a stay-away condition from the Tenderloin neighborhood of San Francisco.  Dtk. 13 at p. 6.

As of this date, March 19, 2020, defendant has not filed a Sentencing Memorandum in this case.  Also as of this date, the Court has not ruled on defendant's request for a continuance.

## II.    DISCUSSION

The state of the record is unclear about whether a sentencing hearing presently set for Monday, March 23, 2020, will occur telephonically as suggested by the Court's March 15, 2020 order, or whether

1    the sentencing hearing will be continued until after May 1, 2020, as requested by the defense.  The

2    United States thus files this response to the Court's Order and defendant's continuance request to make

3    clear its position on both possibilities.

4         *First*, the United States does not oppose defendant's request to postpone the sentencing in this

5    matter until a date after May 1, 2020.  This is especially true given that the information available to

6    conduct an informed sentencing hearing is sparse – there is no presentence report and defense counsel

7    has not filed a sentencing memorandum.

8         *Second*, the United States also agrees with the defense request to set the sentencing hearing

9    before May 1, 2020 if videoconferencing is available and the defendant attends that hearing and makes a

10   knowing waiver to appearing in person.  Criminal defendants have a due-process right to be present "at

11   any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would

12   contribute to the fairness of the procedure."  *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  By rule, a

13   defendant's presence is also ordinarily "required" in felony proceedings at "(1) the initial appearance,

14   the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of

15   the verdict; and (3) sentencing."  Fed. R. Crim. P. 43(a).  Although a defendant has a right to be present

16   at sentencing, the defendant may waive that right in a non-capital case by choosing to be "voluntarily

17   absent during sentencing," Fed. R. Crim. P. 43(c)(1)(B); *see United States v. Ornelas*, 828 F.3d 1018,

18   1019, 1021-22 (9th Cir. 2016).  But, the defendant's right to be present at sentencing is not satisfied by

19   video conference unless the defendant makes a knowing and voluntary waiver of the right to be

20   physically present in the courtroom.  *See United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012);

21   *United States v. Lawrence*, 248 F.3d 300, 301, 304-05 (4th Cir. 2001).  To that end, should the

22   sentencing proceed by video teleconference, the United States requests that defense counsel obtain, on

23   the record, the assurance that defendant understands that, under Federal Rule of Criminal Procedure 43

24   and the Constitution, he may have the right to be physically present at his sentencing, and that he

25   understands that right and voluntarily agrees to waive it and proceed by video-teleconference.

26        *Third*, the United States will not object to proceeding with sentencing by telephone without the

27   defendant's presence on March 23, 2020, provided defense counsel obtains the defendant's waiver of his

28   right to be physically present at the hearing, and a waiver of his right to allocute at sentencing under

US SENTENCING MEMO
20-CR-00021 VC

Federal Rule Criminal Procedure 32.  While a written waiver signed by the defendant may not be required under Rule 43, a written waiver is the best way to safeguard both the defendant's rights and the appellate record.  If a written waiver from the defendant is not possible because of the restrictions at the Santa Rita Jail, then a declaration from counsel indicating that he has spoken with the defendant and informed him of the government's sentencing position, and that defendant nonetheless agrees to move forward without being present and forgoing his right to speak at the hearing may suffice.  The reason such a waiver is important is that, even if the Court decides to impose a time-served sentence, the government is seeking a term of supervised release that includes a stay-away order.  Should the Court agree with the government's request, then the defendant must be informed beforehand that his sentence may include that term and that he will be obligated, among other things, to report to the Probation Office to begin serving his supervised release term upon his release from prison.[1]  At the very least, a declaration from counsel – either written or by proffer on the record – that he has spoken with the defendant and obtained a knowing waiver is the only way that the Court can assure itself that the defendant's absence is indeed voluntary.

*Finally*, if defense counsel cannot speak with his client before the March 23, 2020 hearing, the United States would ask that the Court grant a brief continuance to allow counsel to accomplish this task.  The United States has learned that efforts are underway at the Santa Rita Jail to institute a mechanism by which confidential communications between defendants and their counsel can occur remotely via telephone.  A short continuance so that counsel may obtain a proper waiver should not unduly delay the proceeding.

DATED:  March 19, 2020                                              Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ *Barbara J. Valliere*
BARBARA J. VALLIERE
Assistant United States Attorney

---

[1]   Defendant is an undocumented alien and ICE has placed a detainer on him.  However, defendant may be released from the Santa Rita Jail and not into ICE custody.  If that were to occur and defendant is on supervised release, defendant must be informed that he has an obligation to report to the Probation Office.

US SENTENCING MEMO
20-CR-00021 VC