STEVEN G. KALAR
Federal Public Defender
Northern District of California
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:         Steven_Kalar@fd.org

Counsel for Defendant Bustillo- Sevilla

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DANILLO BUSTILLO- SEVILLA, <br><br> Defendant. | Case No.: CR 20–00021 VC <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> **Court:**  Courtroom 4, 17th Floor <br> **Hearing Date:** March 23, 2020 <br> **Hearing Time:** 2:00 p.m. |

## INTRODUCTION

This Court should sentence Mr. Bustillo-Sevilla on March 23, 2020, to a sentence of time-served and should direct his immediate release from custody at Santa Rita Jail.

## PROCEDURAL POSTURE

On December 12, 2019, Mr. Bustillo-Sevilla sold a small amount of a mixture containing crack cocaine to an undercover officer in the Tenderloin.

It was a twenty-dollar sale.

He was indicted for this offense on January 16, 2020. *See United States v. Bustillo-Sevilla*, CR 20-00021 VC Dkt. # 2.

On February 11, 2020, Mr. Bustillo-Sevilla made his initial appearance in federal court. *See id.* at Dkt. # 2. He was detained at that initial appearance. *Id.* at Dkt. #5. At a detention hearing (that followed the initial appearance before this Court), Mr. Bustillo-Sevilla was ordered detained and was remanded into Marshal custody. *Id.* at Dkt. #8.

At his sentencing hearing before this Court on Tuesday March 23, 2020, Mr. Bustillo-Sevilla will have served 42 days in continuous federal custody.

Mr. Bustillo-Sevilla immediately reviewed the case, the discovery, and all possible defenses with undersigned counsel, and decided to accept responsibility and immediately enter a plea of guilty. This he attempted to do. On February 18, 2020, a mere seven days after his initial appearance, the defendant had hoped to plead guilty at his first appearance before this Court. *See id.* at Dkt. #6 ("Change of Plea Hearing as to Danillo Bustillo-Sevilla not held on 2/18/2020.") Unfortunately, an outbreak of Influenza A at Santa Rita Jail put that jail in quarantine, and he was not transported to court. *Id.* Undersigned counsel then "indicated the defendant plans to change his plea at the calling of the next calendar, and actually wanted to do so today by way of open plea." *Id.* At the request of the defense, the matter was referred to the Probation Officer to initiate a pre-plea presentence report. *Id.*

At the next available date before this Court, Mr. Bustillo–Sevilla entered an "open" guilty plea. *Id.* at Dkt. #10. At that March 10 hearing, the Court agreed to the defense request to expedite the sentencing hearing. *Id.* (setting sentencing for March 23, 2020). The Court agreed to the defense request to waive a full PSR. Instead, the Court directed Probation to inform the Court whether Mr. Bustillo-Sevilla in fact had no prior convictions (the understanding of the parties), and whether there was a reason that the defendant should not receive a time-served sentence on March 23.

On that same date, Probation Officer Anthony Cardenas and undersigned counsel conducted a

presentence interview with Mr. Bustillo-Sevilla in the Marshal's "lock-up" facilities on the 20th Floor of the Federal Building. The biographical information provided, *supra*, was elicited during this Probation interview.

Soon after that March 10 appearance, the world changed. Irrevocably.

It is unnecessary to here recount the full scope of the COVID-19 pandemic here: the Court and parties that are well-aware of the current status. We cannot know the full extent of the devastation that awaits our communities, our country, and the world. *See Letter of Governor Newsom to President Trump, of March 18,* 2020, available here: https://www.gov.ca.gov/wp-content/uploads/2020/03/3.18.20-Letter-USNS-Mercy-Hospital-Ship.pdf (projecting that 56% of the population of the State of California, or 25.5 million people, will be infected with the virus over an eight week period).

Suffice it to note that on Monday, March 16, 2020, seven Bay Area counties issued shelter-in-place orders. *See* https://abcnews.go.com/Health/wireStory/bay-area-counties-california-order-shelter-place-69627648 . Soon after, the Honorable Chief Judge Hamilton executed and distributed General Order 72, that suspended almost all public functions of the Court for the Northern District of California. *See* https://cand.uscourts.gov/wp-content/uploads/general-orders/GO_72_3-16-2020.pdf (accessed Mar. 20, 2020). On March 19, 2020, Governor Newsom imposed an Executive Order requiring the entire State of California to stay home. The order "is in place until further notice." *See* https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf

On March 15, 2020, undersigned counsel erroneously filed a motion to continue this case until May 1, 2020. *See Dkt.* #11. That motion was erroneously filed as part of a mass effort of the Office of the Federal Public Defender to move hearings for all appropriate cases past May 1, 2020. Undersigned counsel hereby moves to withdraw that motion, and apologizes for any confusion for the Court or counsel.

On March 15, 2020, this Court issued an order analyzing the ability of the Court to proceed with sentencing in this case, in the defendant's absence, under Federal Rule of Criminal Procedure 43(c)(1)(B). After an exhaustive legal analysis, the Court concluded:

> Accordingly, unless the Court is informed by defense counsel beforehand that the defendant will not waive his appearance at the sentencing hearing (in which case it will be continued), the hearing shall take place as scheduled, but telephonically. During the hearing, defense counsel should be prepared to convey whether his client has waived his appearance. This waiver need not be in writing. *See* Fed. R. Crim. P. 43(c)(1)(B) (containing no writing requirement); *United States v. Ornelas*, 828 F.3d 1018, 1021 (9th Cir. 2016) ("Thus, under Rule 43, so long as the defendant's absence is "voluntary," the district court may proceed with trial and sentencing in absentia.")

*See United States v. Bustillo-Sevilla*, CR 20-00021-VC, Ord., Mar. 23, 2020, Dkt. #11.

The defense wholeheartedly concurs with the Court's analysis in this order. Undersigned counsel hereby confirms that Mr. Bustillo-Sevilla waives his appearance for the March 23, 2020 hearing, under Federal Rule of Criminal Procedure 43. Counsel will be prepared to affirm that waiver on the record at the March 23, 2020 telephonic court hearing.

As a historical note, the Court's order was immediately distributed to every Federal Defender in the United States. On today's date, March 20 -- five days after the Court's order issued -- undersigned counsel is informed and believes that it has quickly become a model adopted by other district judges in the Northern District, and by many district courts across the country, as the criminal justice system reacts to the reality of the COVID-19 pandemic.

## BACKGROUND OF THE DEFENDANT

Mr. Bustillo-Sevilla was 21 years old at the time of the offense. He is a native of Honduras, and was born in San Juan Pueblo, Orica, in the Montaña de La Flor area. He has never been married, and has no children. He had been living in the United States for roughly six months at the time of the arrest, residing with friends in Oakland, and working in building demolition.

Mr. Bustillo-Sevilla's mother and father both remain in Honduras: they are in their fifties. His father left the family when Mr. Bustillo-Sevilla was very young, and his mother raised him and his four siblings as a single parent. The family grew up very poor, in an agrarian society where the entire family worked on small farm plots. His mother did not have enough income to feed her children: there were times when they did not have enough food. To help support his mother and siblings, Mr. Bustillo-Sevilla began work in the fields as teenager. Further complicating their precarious situation, Mr. Bustillo-Sevilla's mother is diabetic, although she is currently receiving treatment and it is control. This young man remains close to his mother, and spoke with her frequently on the phone

before being arrested.

The defining aspect of Mr. Bustillo-Sevilla's life is the fact that he belongs to a small indigenous group in Honduras. He is, "Tolopan." The Tolupan are an indigenous agrarian ethnic group, that live in the Montaña de La Flor community in the northwest and central part of the country. *See generally* https://en.wikipedia.org/wiki/Tolupan Mr. Bustillo-Sevilla's family is one of five larger clans or groups that live in this larger community.

The indigenous Toupan, or Jicaque, people are the subject of discrimination, harassment, and attack by the non-ethic citizens of Honduras. As Mr. Bustillo-Sevilla explained during the Probation interview, his uncle, Jose de los Santos Sevilla-Martinez, was a leader of this community. On February 20, 2017, Mr. Jose de los Santos Sevilla was assassinated in his home in La Ceiba, Montaña de la Flor, Francisco Morazán, in central Honduras. *See* https://www.frontlinedefenders.org/en/case/jose-de-los-santos-sevilla-assassinated-honduras ("José de los Santos Sevilla, a teacher as well as a community leader, was at home when 5 heavily armed men broke into his house and shot him multiple times. José de los Santos Sevilla died instantly. The National Police have opened an investigation, and mobile forensic unit as well as a team from the Special Murder Investigations Unit (Unidad Especial de Homicidios) have been sent to the area to carry out an investigation.")

The violence has not been limited to his uncle. Mr. Bustillo-Sevilla himself was shot at a soccer game, in Honduras, and hit in the hand. He believes that he was targeted because of his ethnic identity. Because the present conviction will certainly be characterized by ICE as an "aggravated felony," Mr. Bustillo-Sevilla faces almost certain removal from the United States upon release.

# ARGUMENT

The parties agree that Mr. Bustillo-Sevilla is in Criminal History Category I, with no prior convictions. After acceptance of responsibility, he is in Offense Level 10. The correct guideline range is accordingly 6-12 months of custody.

This Court should depart and vary downwards from that guideline range, and impose a sentence of time-served, for three reasons.

First, Mr. Bustillo-Sevilla demonstrated extraordinary acceptance of responsibility, beyond that contemplated in the guidelines, by attempting to enter a guilty plea a mere week after his initial appearance on a felony matter. (And was only prevented from doing so by the influenza quarantine at the jail). The guidelines do not adequately contemplate this scenario.

Under USSG § 3E1.1(1)(b), a defendant with offense level 16 or higher may earn three offense levels off if he or she pleads early enough to prevent the government from preparing for trial. *See* USSG § 3E1.1(b). For less-serious cases, by contrast, there is no additional incentive to plead *early*, and to preserve the government's trial resources. *See id.* at § 3E1.1(a). Cases below offense level sixteen do not earn additional "credit" for early pleas of guilt.

Therefore, Mr. Bustillo-Sevilla had no disincentive for setting this case for trial, seeking *Brady / Giglio* material on the arresting officer, and only pleading the Friday before the Monday that jurors were called in. This young man did not waste the Court's, or the government's, resources doing this trial brinksmanship, yet the guidelines provides no additional reward for his very early acceptance of responsibility for this low-offense-level case. This Court should depart and vary downwards in recognition of that extraordinarily early acceptance of responsibility.

A second bases for an early downward departure or variance is the unique characteristics of the offender. Mr. Bustillo-Sevilla is a persecuted ethnic minority in his home country, and he and his family have been the subject of violent attack because of his race. He now finds himself on the horns of a dilemma: prolong his ICE custody while seeking asylum, and risk death by COVID-19 in a remote immigration detention facility? Or return to his home country immediately, and face death from non-indigenous Hondurans? Mr. Bustillo-Sevilla's experiences of persecution in his home country is another basis for this Court to depart and vary downwards from the low end of six months,

to a sentence of time served.

Finally, the realities of the COVID-19 pandemic is another reason to depart or vary downwards. Santa Rita Jail is sufficiently concerned about the dangers posed to its population that it yesterday executed an early release of nearly 250 inmates. *See* https://www.sfchronicle.com/crime/article/Alameda-County-approves-early-release-for-nearly-15144181.php Mr. Bustillo-Sevilla is precisely the type of low-level offender that should be immediately released from that facility. There is nothing in the $20 drug sale that merits a longer custodial sentence for deterrence, or for rehabilitation.

The Court should not order the defendant put into a halfway house as a condition of his term of supervised release. As a practical matter: that either is, or soon will be, impossible. Undersigned counsel had to recently wait for a week to secure an emergency release of a *misdemeanant* into the halfway house in San Francisco. Community correction facilities are heavily impacted and will only be more so as the BOP moves more inmates out of federal prisons. Moreover, while the halfway house is an improvement over Santa Rita, it is not as safe as the defendant returning to his apartment in Oakland and living with the pair of friends with whom he resided before his arrest. Finally, this condition of supervised release is largely moot: the defendant will likely be removed, in custody, by ICE in any event.

## CONCLUSION

For the foregoing reasons, this Court should conduct a telephonic conference on March 23. At that conference, this Court should impose a sentence of time served, and should direct the immediate release of this defendant.

Dated: March 20, 2020               Respectfully submitted,

                                    STEVEN G. KALAR
                                    Federal Public Defender

                                    _____/S_____
                                    Northern District of California

DEFENDANT'S SENTENCING MEMORANDUM
BUSTILLO- SEVILLA, CR 20–00021 VC